UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-30061-MGM |
| | ) | |
| DANIEL TOCCI, | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 2253, and Rule 32.2(b) of the Federal Rules of Criminal Procedure.   A proposed Preliminary Order of Forfeiture is submitted herewith.   In support thereof, the United States sets forth the following:

1.      On November 15, 2024, the United States Attorney for the District of Massachusetts filed a one-count Information charging defendant Daniel Tocci (the "Defendant") with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count One).

2.      The Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting

1

or traceable to gross profits or other proceeds obtained from such offense; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.   Such property specifically included, without limitation:

> (a)    An HP laptop;
>
> (b)    Five Lexar USB thumb drives;
>
> (c)    a Samsung Galaxy cellular phone; and
>
> (d)    Two hard drives;

(collectively, the "Properties").

3.    The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 2253(b).

4.    On September 16, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on September 16, 2025.  *See* Docket No. 32.   In Section 6 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because contain any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or

2

2260 of Chapter 10 of Title 18 and/or were used or intended to be used to commit or to promote the commission of the offense charged in Count One of the Information.   *Id.* at 5.

5.    In light of the Defendant's guilty plea, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty. Accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

6.    Pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

7.    Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C § 2253 and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Properties, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

8.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Properties and any additional facts supporting the petitioner's claim and the relief sought.

9.      The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a)    enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)    include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c)    retain jurisdiction for the purpose of enforcing the forfeiture; and

(d)    incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

                                     Respectfully submitted,

                                     LEAH B. FOLEY
                                     United States Attorney,

                              By:    /s/ *Brendan T. Mockler*
                                     DAVID TOBIN
                                     BRENDAN T. MOCKLER
                                     Assistant United States Attorneys
                                     United States Attorney's Office
                                     1 Courthouse Way, Suite 9200
                                     Boston, MA 02210
                                     (617) 748-3100
Dated: December 22, 2025             brendan.mockler@usdoj.gov

5